IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-02892-RBJ

VIOLA HOLMAN,

    Plaintiff,

v.

ARMSTRONG STEEL CORP.,

    Defendant.

---

ORDER on MOTION TO DISMISS OR STAY

---

    Viola Holman, by her description a "senior citizen," lives with her husband in Julesburg, Colorado. She suffered a very bad reaction to mold in a previous home. One day, having seen Armstrong Steel Corporation's advertisement for steel buildings on the Internet, she called the number provided in the ad, was assured by the company's agents that its buildings were mold and problem free, and placed an order. As she now regrets, she did not talk with her husband about this, including her decision to send the company a $12,000 payment.

    Before the building was delivered she came to believe that steel buildings can have leakage problems and are not suitable for persons with allergies to mold or "electrosensitivity." She informed the company that the building would not work for her, that she felt pressured into signing the contract, and she wanted to cancel the deal. Too late. According to her, the company's people told her that she would not receive her money back, and if she did not

1

complete her payments, they could sue. And so, representing herself, she filed her complaint in this case.

The complaint asserts a "violation of the Civil Rights of age and Disabilities act." ECF No. 1 at 1  She complains that she was the victim of a hard sell; that for medical reasons relating to her mold exposure she was confused; that she was not told about leakage and other problems that steel buildings have; that, despite knowing that she was married, they never informed or attempted to contact her husband; and that they used the excuse of a "restocking fee" in refusing to return her initial payment even though none of their product had even left the shelf. *Id.* at 1-5. Her summons and complaint were served.

The company, identifying itself as Atlantic Building Systems, LLC, dba Armstrong Steel Corporation, promptly filed a motion to dismiss. It informs the Court that there is no diversity of citizenship, both sides being Colorado citizens, and that in any event the contract requires AAA arbitration of any disputes. ECF No. 9. The motion was served by mail and email, but Ms. Holman did not respond.

I met with Ms. Holman and counsel for the defendant on February 22, 2019 for an initial scheduling conference, and of course, I asked why she had not responded the defendant's motion. She indicated that she was not aware of it, explaining that she does not regularly check her mail (or apparently her emails).[1] In any event, in addition to setting a schedule for the case, I granted Ms. Holman until March 15, 2019 to respond to the motion. ECF No. 18. Two months have gone by without a response.

---

[1] There is a bit of irony here. Ms. Holman and her husband are part time rural mail carriers.

Courts interpret the pleadings of pro se parties liberally. Here, if one were to construe the complaint as, for example, alleging fraudulent inducement to enter into a contract, then there apparently would be no basis for federal jurisdiction. A liberal construction could perhaps interpret her complaint as asserting a violation of the Americans with Disabilities Act, which would support federal jurisdiction and supplemental jurisdiction over state law claims. But there is the arbitration clause. Arbitration clauses are voidable if they are unconscionable. But I am mindful that, while construing pleadings liberally, I cannot serve as Holman's lawyer. The problem is, even after being given a second chance, Ms. Holman simply hasn't taken the time to respond in any way to a dispositive motion.

I do, nevertheless, decline the invitation to dismiss the case. There might be something to it, and courts prefer that disputes be resolved on their merits. Accordingly, the motion is granted only to the extent that the Court stays this action pending arbitration, which Ms. Holman can initiate by following the procedures of American Arbitration Association that are publicly available. The Court further orders that the case will be administratively closed, to be reopened if and when appropriate.

DATED this 16th day of May, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge